UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

DAWN M. DAGGS and DEBORA K. WAGNER,

Plaintiff,

v.

**DECISION AND ORDER**
11-CV-357S

PATRICK R. DONAHOE, POSTMASTER GENERAL, UNITED STATES POSTAL SERVICE.

Defendant.

## I. INTRODUCTION

Plaintiffs commenced the present action in April 2011 alleging claims of retaliation in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e *et seq*. Presently before this Court is Defendant's motion for summary judgment dismissing the complaint. This Court finds the matter fully briefed and oral argument unnecessary. For the reasons that follow, Defendant's motion is granted and the complaint is dismissed.

## II. BACKGROUND

Many of the facts in the instant case are undisputed. Plaintiffs each began working with the Postal Service in 2007 at the Caledonia, New York post office. (Pl's Stmt of Facts ¶¶ 2, 6, Docket No.28-1.) Plaintiffs assert that, from September 2009 to June 2010, the then-Postmaster of the Caledonia Post Office, Eugene Volger, harassed Plaintiffs and otherwise behaved inappropriately toward staff and customers. (Id. ¶¶ 10-58.) Plaintiffs complained about this conduct to Volger's supervisor, Ronald Coon, on June 15, 2010. (Id.

¶¶ 58-65.) Volger was removed from the building the next morning, and never again worked as Plaintiffs' supervisor. (Id. ¶¶ 70-72.) He was ultimately given a letter of warning for violating Postal Service rules and informed that further misconduct could result in his removal. (Id. ¶¶ 84-85.)

Plaintiffs initiated the pre-complaint process with the Postal Service's Equal Employment Opportunity Office ("EEO") on June 16, 2010 and filed formal complaints of discrimination on September 24, 2010. (Docket No. 20-4 at 21-22, 36.) These formal complaints reflected the allegations against Volger and further alleged that the subsequent investigation was biased. (Id.) This formal complaint was dismissed by the EEO on October 18, 2010. (Id. at 21-24, 49-52.)

On October 25, 2010, both Plaintiffs complained to the EEO of retaliation for their prior complaints. (Docket Nos. 20-4 at 62, 20-5 at 18.) Following the informal complaint resolution process, Plaintiff Wagner and Plaintiff Daggs filed formal complaints of retaliation on December 27 and December 29, 2010, respectively. (Docket Nos. 20-4 at 59, 20-5 at 13.) Plaintiff Wagner's complaint was dismissed by the EEO on January 25, 2011, (Docket No. 20-5 at 2-6), and Plaintiff Daggs' complaint was dismissed on January 21, 2011. (Docket No. 20-5 at 39; Compl. ¶ 5.) Plaintiffs commenced the instant action on April 25, 2011 alleging retaliation under Title VII based on their December 2010 formal EEO complaints. (Docket No. 1.)

Defendant now moves for summary judgment dismissing the complaint in its entirety.

## III. DISCUSSION

"A motion for summary judgment may properly be granted . . . only where there is no genuine issue of material fact to be tried, and the facts as to which there is no such issue warrant the entry of judgment for the moving party as a matter of law." Kaytor v. Elec. Boat Corp., 609 F.3d 537, 545 (2d Cir. 2010). A court's function on a summary judgment motion "is not to resolve disputed questions of fact but only to determine whether, as to any material issue, a genuine factual dispute exists." Kaytor, 609 F.3d at 545 (citing Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 249-50, 106 S. Ct. 2505, 91 L. Ed. 2d 202 (1986)). "A dispute regarding a material fact is genuine 'if the evidence is such that a reasonable jury could return a verdict for the nonmoving party.' " Weinstock v. Columbia Univ., 224 F.3d 33, 41 (2d Cir. 2000) (quoting Anderson, 477 U.S. at 248), *cert denied*, 540 U.S. 811 (2003). A court must also "construe the facts in the light most favorable to the non-moving party and must resolve all ambiguities and draw all reasonable inferences against the movant." Dallas Aerospace, Inc. v. CIS Air Corp., 352 F.3d 775, 780 (2d Cir. 2003).

Title VII makes it unlawful for an employer to discriminate against an employee "because he [or she] has opposed any practice made an unlawful employment practice by this subchapter, or because he [or she] has made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or hearing under this subchapter." 42 U.S.C. § 2000e-3(a). Plaintiffs each claim that Defendant impermissibly retaliated against them for filing discrimination complaints.

Defendant argues that summary judgment is warranted in his favor because many of Plaintiffs' retaliation claims are untimely or unexhausted. With respect to those that are not, Defendant argues that neither Plaintiff can establish a prima facie case of retaliation.

In making his arguments, Defendant considers the alleged retaliatory acts listed in Plaintiff's responses to Defendant's interrogatories. Notably, Plaintiffs' responses were not submitted in support of the motion,[1] but are summarized by Defendant in two appendices for "easy reference." (Def's Mem of Law at 5 n. 1, Docket Nos. 21, 22.) In any event, in their opposition to Defendant's motion, Plaintiffs do not specifically reference either their interrogatory responses or Defendant's summary thereof, but assert that their retaliation claims are supported by evidence of a reduction in Plaintiffs' hours; threats; the "silenc[ing]," ostracizing, and monitoring of Plaintiffs; and demotion in Plaintiffs' job responsibilities. (Pl's Mem in Opp'n at 8-12.)

**A. Timeliness and Exhaustion of Administrative Remedies**

Defendant first argues that many of the alleged retaliatory acts listed in Plaintiffs' interrogatories must, to the extent that they are being relied on as adverse actions supporting individual retaliation claims, be dismissed as either time barred or because Plaintiffs failed to exhaust administrative remedies. The timely exhaustion of administrative remedies is a prerequisite to bringing suit under Title VII. Belgrave v. Pena, 254 F.3d 384, 386 (2d Cir. 2001). In the case of federal employees such as Plaintiffs, the Equal Employment Opportunity Commission ("EEOC") established the procedures to be followed in filing an administrative discrimination complaint. Belgrave, 254 F.3d at 386.

> The EEOC regulations require that the aggrieved employee, *inter alia*, (1) consult with a counselor at the relevant agency's Equal Employment Office ("EEO") within 45 days of the alleged discriminatory act, see 29 C.F.R. § 1614.105(a)(1), and, if the matter is not resolved after a mandatory

[1] It appears that Exhibit 4 to the Declaration of Michael S. Cerrone, Esq., was meant to be Plaintiff's responses, but this exhibit is instead Defendant's responses to Plaintiff's interrogatories. (See Cerrone Decl. n. 6, Ex. 4, Docket Nos. 20, 20-3.)

> counseling period, (2) file a formal written administrative complaint ("EEO complaint") within 15 days of receipt of the EEO counselor's notice of final interview and right to file a formal complaint ("EEO notice"), *see id.* § 1614.106(a), (b). The employee may then file a civil action (i) within 90 days of notice of a final agency decision on his or her EEO complaint,[2] or (ii) after 180 days from the filing of the EEO complaint if the agency has not yet rendered a decision.

Belgrave, 254 F.3d at 386. These time limits are considered analogous to a statute of limitations. Heins v. Potter, 271 F. Supp. 2d 545, 551 (S.D.N.Y. 2003).

Defendant argues that the majority of the individual claims listed in the appendices must be dismissed as time barred. (Def's Mem of Law at 5-6 (referencing Plaintiff Wagner's claims numbered 1-13 and 15-17 and Plaintiff Daggs' claims numbered 1-17 and 20, as listed in Docket No. 22).) In opposition, Plaintiffs argue that these earlier alleged retaliatory acts serve as relevant background evidence of a chain of discriminatory conduct, and therefore cannot be " 'divorced' from the record." (Pl's Mem in Opp'n at 14-15.) Defendant does not dispute, however, that evidence of otherwise untimely retaliatory acts may constitute relevant and admissible background evidence. (Def Mem of Law at 5 n.2; Def's Reply Mem of Law at 1-2); see Jute v. Hamilton Sunstrand Corp., 420 F.3d 166, 176 (2d Cir. 2005) (relevant background evidence may be considered to assess liability on a timely alleged act). Instead, Defendant's contention is only that these incidents cannot constitute a timely alleged act in support of a prima facie claim of retaliation.

To that end, several of the incidents on which Plaintiffs rely in their opposition as

---

[2] Because Plaintiffs' complaint is based on only their December 2010 formal retaliation complaints, Defendants' argument that this civil action was commenced more than 90 days after the October 18, 2010 dismissal of their initial complaints is moot. (Def's Mem of Law at 5.)

adverse retaliatory acts are in fact time barred.[3] Both Plaintiffs first consulted with a counselor in connection with the retaliation allegations raised in their December 2010 formal EEO complaints on October 25, 2010, therefore only claims based on alleged retaliatory acts occurring on or after September 10, 2010 are timely. (Docket Nos. 20-4 at 54, 20-5 at 15, 18); see 29 C.F.R. § 1614.105(a)(1) (an aggrieved person must contact an EEO counselor within 45 days of the alleged discriminatory incident).

Plaintiff Daggs asserts that her hours were cut to less than seven per day in retaliation for earlier discrimination claims. (Pl's Mem in Opp'n at 9; Daggs Decl ¶ 11; see also Docket No. 20-5 at 26.) She does not dispute, however, that her hours were cut starting August 2010. (Pl's Stmt of Facts ¶¶ 91-92; Daggs Dep at 58-59.) The alleged threats of placement on the midnight shift and warnings from union representatives of possible "vengeance" also took place prior to September 10, 2010. (Daggs Dep at 76-79; see Docket No. 20-5 at 26.) These alleged retaliatory acts therefore cannot form the basis of a timely retaliation claim.

Defendant also argues that Plaintiff Wagner never claimed in her formal administrative complaint that she was "silenced" or warned by union representatives of possible "vengeance," therefore any claims based on these incidents must be dismissed for the failure to exhaust administrative remedies. (Def's Mem of Law at 6.) Plaintiffs concede that these issues were not raised in Plaintiff Wagner's December 27, 2010 formal complaint, (Pl's Stmt of Facts ¶¶ 137-138), and as such they must be dismissed as

---

[3]To the extent that Plaintiffs have not responded to Defendant's arguments that certain claims must be dismissed, such claims are deemed abandoned. Singleton v. City of Newburgh, 1 F. Supp.2 d 306, 312 (S.D.N.Y.,1998); see Davies v. N.Y.C. Dep't of Educ., No. 10 Civ. 5981(RA), 2013 WL 1245444, 6 (S.D.N.Y. Mar. 27, 2013), *aff'd* – F. App'x –, 2014 WL 1645500 (2014). In any event, Defendant correctly asserts that the vast majority of the incidents listed in the appendices are time barred.

unexhausted.

Finally, Plaintiff Daggs asserts for the first time in her opposition to Defendant's motion that she was demoted from the position of Officer in Charge in retaliation for engaging in activity protected under Title VII. (Pl's Mem in Opp'n at 12; see Compl. ¶¶ 26-31; Docket No. 20-5 at 35.) As Defendant argues, the failure to raise this claim in her December 2010 administrative complaint renders it subject to dismissal for the failure to exhaust administrative remedies. (Def's Reply Mem of Law at 9.) Further, Plaintiff Daggs testified that this demotion occurred "[w]hen Gene [Volger] was removed," (Daggs Dep at 58), an event occurring in June 2010. (Pl's Stmt of Facts ¶¶ 10, 69-72.) Accordingly, in addition to the absence of any specific evidence supporting a retaliatory animus, a retaliation claim based on this demotion would be untimely.

**B. Prima Facie Case of Retaliation**

With respect to the allegations of retaliation, the merits of such claims are considered under the burden-shifting analysis of McDonnell Douglas Corp. v. Green. 411 U.S. 792, 802-05, 93 S. Ct. 1817, 36 L. Ed. 668 (1973); see Kaytor, 609 F.3d at 552. Plaintiff must first establish a prima facie case by showing that (1) she participated in an Title VII-protected activity; (2) her participation was known to Defendant; (3) Defendant thereafter subjected Plaintiff to a materially adverse action; and (4) there was a causal connection between the protected activity and the adverse action. Kaytor, 609 F.3d at 552. Although this initial burden is minimal, Plaintiff must nonetheless "offer[] evidence adequate to 'raise[ ] an inference of discrimination.' " Meiri v. Dacon, 759 F.2d 989, 996 (2d Cir. 1985) (quoting Furnco Const. Corp. v. Waters, 438 U.S. 567, 577, 98 S. Ct. 2943, 57 L. Ed. 2d 957 (1978)), *cert denied*, 474 U.S. 829 (1985); see Gordon v. New York City Bd.

of Educ., 232 F.3d 111, 116 (2d Cir. 2000) (whether plaintiff meets minimal burden is a initial question for the court, not the jury).

Title VII's retaliation provision does not require that the allegedly adverse act bear on the terms or conditions of employment; instead the proper inquiry is "whether the employer's actions were harmful to the point that they could well dissuade a reasonable worker from making or supporting a charge of discrimination." Hicks v. Baines, 593 F.3d 159, 165, 169 (2d Cir. 2010) (internal quotation marks and brackets omitted); see Burlington Northern & Santa Fe Ry. Co. v. White, 548 U.S. 53, 57, 126 S. Ct. 2405, 165 L. Ed. 2d 345 (2006). Nonetheless, Title VII is not a general civility code for the workplace, and "petty slights or minor annoyances that often take place at work and that all employees experience" do no constitute actionable retaliation. White, 548 U.S. at 68 Hicks, 593 F.3d at 165. "Thus, '[t]he antiretaliation provision protects an individual not from all retaliation, but from retaliation that produces an injury or harm.'" Hicks, 593 F.3d at 165 (quoting White, 548 U.S. at 67).

Here, Plaintiffs allege that they were subjected to retaliatory threats, silencing, ostracizing, monitoring, and demotion in work responsibilities. (Pl's Mem in Opp'n at 9-12.) First, even assuming that the threats of "vengeance" were timely and administratively exhausted, both Plaintiffs concede that such warnings came from union representatives, and no such threats were ever made by a member of the postal service. (Daggs Dep at 76-79; Wagner Dep at 90-91.)

Next, Plaintiff Daggs' claims of being silenced, ostracized, and monitored are each based on the same deposition testimony (See Pl's Mem in Opp'n at 10-11 (citing Daggs Dep at 78)) during which she explained that:

> Silenced, my interpretation of not being able to speak with supervisors or management, basically being ostracized is what I felt. I wasn't working as the Officer in Charge anymore. My moves and everything that I did was overseen like a helicopter parent. Ron Coon was constantly calling Sue about this, that or the other thing that I did. So I felt very watched even though there was no one else in the office. I felt stifled.

(Daggs Dep at 78.) As Defendant argues, excessive scrutiny, without more, is insufficient to constitute an adverse action for the purpose of an actionable retaliation claim. Workneh v. Pall Corp., 897 F. Supp. 2d 121, 135 (E.D.N.Y. 2012); Lucenti v. Potter, 432 F. Supp. 2d 347, 363-64 (S.D.N.Y. 2006). Further, as concluded above, Plaintiff Daggs failed to exhaust administrative remedies with respect to the alleged demotion.

Plaintiff Wagner similarly alleges that she was singled out from the rest of her co-workers and subjected to excessive monitoring by "Route Inspector" Theresa Alano. (Pl's Mem of Law at 11; Wagner Dep at 85-86.) As Defendant highlights, however, Plaintiff Wagner testified that she suffered no discipline or changes in benefits or pay as a result of the monitoring. (Wagner Dep at 87.) Indeed, Plaintiff Wagner testified that, although Alano wished to monitor the route activity associated with Wagner's office, she was in fact prevented from ever doing so. (Id. at 87-88.) Further, contrary to Plaintiffs' assertion in their brief, Plaintiff Wagner did not testify that she was given more menial duties following her initial discrimination complaint. (Pls' Mem in Opp'n at 12 (citing Wagner Dep at 88.) She testified instead that, in an effort to silence her, *others* were given "trivial job[s] or something to get them away from [her]." (Wagner Dep at 89.) As concluded above, even if this constituted a materially adverse action, a conclusion this Court does not reach on this record, Plaintiff Wagner failed to exhaust this claim by raising it during the administrative proceedings.

The remaining claims addressed by Defendant may be deemed abandoned due to Plaintiff's failure to oppose these arguments in their brief. Singleton v. City of Newburgh, 1 F. Supp.2 d 306, 312 (S.D.N.Y.,1998); see Davies v. N.Y.C. Dep't of Educ., No. 10 Civ. 5981(RA), 2013 WL 1245444, 6 (S.D.N.Y. 2013), *aff'd*, – F. App'x –, 2014 WL 1645500 (2014). Defendant is nonetheless correct that dismissal of these claims is warranted on the merits as well.[4] Plaintiffs' interrogatory responses reference an incident when a coworker referred to Plaintiff Wagner's ankle injury as a "golden injury," which she understood to be an unfavorable implication that she would seek disability benefits. (Wagner Dep at 81-84.) In addition to there being no allegation of harm resulting from this comment, as Defendant highlights, there are also no facts alleged that would permit imputing this stray comment to Defendant. See Salmon v. Pliant Corp., 965 F. Supp. 2d 302, 307 (W.D.N.Y. 2013) (no prima facie case of retaliation "particularly in the absence of evidence by which a reasonable factfinder could impute the comment to [the defendant employer]).

Finally, both Plaintiffs allege that their reassignment following the November 22, 2010 closing of the Caledonia post office was in retaliation for their earlier discrimination complaints. (Wagner Dep at 92-94; Daggs Dep at 65-69.) Both Plaintiffs, however, also testified that they were out of work on worker's compensation beginning in October 2010 and continuing until after they were informed of their reassignment. (Wagner Dep at 92-94;

---

[4]It should be noted that Plaintiffs were represented by counsel during the briefing of Defendant's motion. Their counsel, however, was subsequently suspended from the practice of law before this Court and Plaintiffs have since been proceeding *pro se*. Even reviewing this matter with the leniency afforded to *pro se* litigants and interpreting the materials " 'to raise the strongest arguments that they *suggest*' " Triestman v. Federal Bureau of Prisons, 470 F.3d 471, 474 (2d Cir. 2006)(emphasis in original) (quoting Pabon v. Wright, 459 F.3d 241, 248 (2d Cir. 2006)), this Court finds dismissal appropriate.

Daggs Dep at 9, 68-69, 71.) Plaintiff Daggs further alleges that the delay in her reassignment to another post office caused a delay in the processing of her workers' compensation benefits in December 2010 and January 2011, (See Daggs Dep at 73), but a delay in benefits that is only a "mere inconvenience" rather than a "material loss of benefits" does not rise to the level of a materially adverse action for purposes of a retaliation claim. Birkholz v. City of New York, No. 10–CV–4719 (NGG)(SMG), 2012 WL 580522, *9 (E.D.N.Y. Feb. 22, 2012); see Terry v. Ashcroft, 336 F.3d 128, 138 (2d Cir. 2003). Here, there are no facts that would support a finding of either material loss or retaliatory animus with respect to this delay, particularly where Plaintiff Daggs does not dispute that the benefits were ultimately approved and paid. (Daggs Dep at 73-74).

## IV. CONCLUSION

Defendant has met his burden of establishing his entitlement to summary judgment dismissing the complaint, and Plaintiffs have failed to raise a material question of fact in opposition. Because this decision and order resolves the litigation, a further status conference (Docket No. 32) or "status update"[5] as requested by Plaintiffs is not warranted. Plaintiffs are reminded that if they wish to appeal this decision, they have 30 days from the date of this order to file a notice of appeal. Further information for proceeding *pro se* is available from this Court's website[6] or the Pro Se Assistance Program.[7]

[5] The Court received Plaintiff Wagner's letter dated April 29, 2014.

[6] http://www.nywd.uscourts.gov/representing-yourself-federal-court

[7] http://www.nywd.uscourts.gov/pro-se-assistance-program-0

## V. ORDERS

IT HEREBY IS ORDERED that Defendant's summary judgment motion (Docket No. 19) is GRANTED and the complaint is dismissed;

FURTHER, that the Clerk of the Court shall close this case.

SO ORDERED.

Dated: May 25, 2014
Buffalo, New York

/s/William M. Skretny
WILLIAM M. SKRETNY
Chief Judge
United States District Court